# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2101 | **DATE** | March 26, 2012 |
| **CASE TITLE** | Paul Turner (2011-1102212) v. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $11.20 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff, Paul Turner, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.20. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

Plaintiff alleges that at his September 7, 2011, parole board hearing, he was informed that his "out-date" was September 30, 2011. However, the staff at the Northern Receiving Center and Stateville Correctional Center did not follow the prison review board's order and Plaintiff remained detained 34 days over his out-date. Plaintiff seeks compensation for the 34 days he was detained past his out-date.

Section 1983 does not provide a cause of action for every improper or wrongful deprivation of liberty by a state. *See Lundblade v. Franzen*, 631 F. Supp. 214, 217 (N.D. Ill. 1986). Only if other procedural safeguards, including any safeguards provided by state law, are inadequate may there be a valid Section 1983 cause of action. *See Parrat v. Taylor*, 451 U.S. 527, 537 (1981). Here, the Illinois state law tort of false imprisonment provides an adequate procedural safeguard for a prisoner alleging a due process violation based on alleged extended or wrongful custody.

| STATEMENT |
|---|

*See Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985); *Thompson v. Sheahan*, 2001 WL 204774, No. 00 C 3772, at * 3 (N.D. Ill. March 1, 2001) (Castillo, J.) (dismissing due process and Eighth Amendment claim based on alleged failure to be released from custody after expiration of sentence). Thus, Plaintiff fails to state a claim under Section 1983 and the Court discern's no other grounds for jurisdiction over any state law claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim for which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, she may not file suit in federal court without prepaying the filing fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."